F. S. RANDOLPH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20567. Promulgated April 8, 1931.

*Charles H. Garnett, Esq.*, for the petitioner.
*Warren F. Wattles, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent asserted a deficiency in income for the year 1921, in the amount of $847.07, and in addition thereto, imposed

a 50 per cent penalty for filing a return alleged to be false and fraudulent. At the hearing his counsel abandoned the charge of fraud. The only remaining issue is whether he erroneously disallowed a deduction from petitioner's gross income on account of a debt alleged to have become worthless in such year.

There is a paucity of evidence upon which to base material findings of fact. All that was proved at the hearing may be summarized as follows:

In the taxable year the petitioner was a member of a partnership owned in moieties by himself and one H. H. Dickerson, now deceased. The deficiency in controversy relates to the petitioner's distributable share of the partnership income. The partnership was engaged in drilling oil wells. Early in 1921 it entered into a contract to drill a well for the Naco Production Corporation, hereinafter referred to as the Company. This contract provided for compensation on a double basis, (1) by a payment of so much per foot, and (2) additional payments at the rate of $87.50 per day for time during which work was done that resulted in no additional footage or that was done at the instance of the Company. There was also a provision that up to a certain distance the Naco Company would pay the cost of moving the drilling tools and rig of the petitioner from its property to another location.

Pursuant to contract partnership drilled a dry oil well on property of the Company located in Texas. It received certain payments or advances on the contract price while the well was in progress. About the end of the taxable year the well was finished. The partnership and the Company agreed on the amount of pay due for footage and on many other items and on January 3, 1922, entered into an agreement or settlement which indicated a balance then due the partnership for completed footage in the amount of $6,228.67. During January, 1922, this amount was reduced to $3,228.67.

The settlement of January 3, 1922, did not include partnership's claims for pay by the day, for the cost of moving its machinery and materials to another location, or any one of several other substantial amounts claimed by the partnership in an aggregate amount in excess of $22,000. On January 30, 1922, partnership sued the Company in the District of Butler County, Kansas, to collect the items under its contract then unsettled in the amount of $34,294.84. On February 12 it amended its pleadings by increasing its claim to $36,403.67. On June 23, 1922, the petitioner assigned his interest in such action at law to one O. W. Dickerson for a consideration of $6,000. On September 22, 1922, the suit at law was settled by compromise involving claims and counterclaims of the Company and O. W. Dickerson. By the terms of the compromise, the partnership secured a certain oil

and gas lease in Butler County, Kansas, on which at that time there were three small producing oil wells and assumed an obligation against such property in the amount of $10,000.

In its information return for the year 1921, the partnership deducted $18,152.18 from its gross income as a debt ascertained to be worthless and charged off in the taxable year. This deduction represented one-half the total amount for which the partnership had sued the Company. In his personal income tax return for 1921 the petitioner deducted $9,076.09, representing his half interest in the claim against the Company. Upon audit the respondent disallowed such deduction, made other minor adjustments, and determined a deficiency in tax and penalty for fraud in the respective amounts of $847.07 and $423.34.

The fraud penalty is disposed of as indicated above. The evidence does not sustain the petitioner's contention that at December 31, 1921, the partnership could not reasonably hope to collect more than one-half of its claim against the Company. The deferred settlement grew out of a dispute as to the correct amount due the partnership rather than to any repudiation of obligation, refusal, or inability to pay. Some of the debt was paid before the partnership return was filed and the remainder was settled by compromise within the year 1922. The petitioner has failed to establish a reasonable basis for charging off one-half the debt in question at December 31, 1921. *Geo. C. Peterson Co.*, 1 B. T. A. 690; *Lincoln Drug Co.*, 1 B. T. A. 809; *Davidson Grocery Co.*, 9 B. T. A. 390.

> *Decision will be entered for the respondent under Rule 50.*